IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAVONNA K. FOWLER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No.   CIV-08-563-R |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED.**

## PROCEDURAL HISTORY

Plaintiff protectively filed her application for DIB on October 5, 2004 alleging a disability since January 10, 2000 (TR. 50-53). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 27, 28). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on October 19, 2006 (TR. 179-212). The Plaintiff appeared in person without an attorney and offered her testimony in support of the application (TR. 184-202). A vocational expert (VE) testified at the request of the ALJ (TR. 207-210). The ALJ issued her decision on August 22, 2007 finding that Plaintiff was not entitled to DIB (TR. 17-26). The Appeals Council denied the Plaintiff's request for review on April 15, 2008, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 5-7).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted).*

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 20). At step two, the ALJ concluded that Plaintiff had a combination of severe impairments including systemic lupus erythematosus (SLE), temporomandibular joint (TMJ) syndrome , arthritis, fibromyalgia, and headaches (TR. 20). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which met or equaled any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 21). At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 24).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the RFC to perform a range of light and sedentary work (TR. 22). The ALJ used the medical-vocational rules as a framework for decision making and considered the testimony of the VE and determined there were other jobs existing in significant numbers in the national economy which Plaintiff could perform (TR. 25). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 25-26).

On appeal to this Court, Plaintiff alleges that the ALJ erred in finding that Plaintiff had the RFC to perform significant [*sic*] gainful activity; and further erred in her evaluation of Plaintiff's credibility.

## MEDICAL EVIDENCE

In March 1999, Plaintiff was examined by Ross C. Hensley, M.D. (dermatologist), who reported that she "most likely" had lupus erythemastosus (TR. 89). Dr. Hensley also stated that she had some palmar erythema but that he did see any perungual capillary dilitation (TR. 89).

In June 1999, Plaintiff was examined by Jon W. Blaschke, M.D., who reported that she had a butterfly rash; that she had some livedo reticularis and "may have a little synovitis" in her right wrist; and that she had some subcutaneous nodules on her extensor tendons of the right hand (TR. 97). Dr. Blaschke further reported that she did not have "SLE but she may have an evolving connective tissue illness" (TR. 97).

In August 2001, Plaintiff was examined by an optometrist, Wesley J. Walker, O.D., who stated that Plaintiff's symptoms were "of a vascular migraine type problem and most likely not from a visual etiology (TR. 122).

In January 2005, a consultative examination of Plaintiff was performed by Charles N. Howard, Jr., Ph.D., M.D., who reported that Plaintiff had full range of motion in her neck except posteriorly where she was limited to 20 degrees (TR. 123). Dr. Howard also reported that Plaintiff had full range of motion of her shoulders, elbows, wrists, hands, hips, knees, ankles and feet; that she could grasp and finely manipulate; and that she had good strength and sensation (TR. 124). Dr. Howard further reported that Plaintiff had a negative straight leg raise, both sitting and lying; that she had full range of motion of her back with the exception of anterior flexion which she would only go to sixty degrees; and that she walked with a stable, solid gait (TR. 124).  Dr. Howard's assessment was of lupus erythematosus by history, multiple joint involvement secondary to SLE, and nicotine addiction (Tr. 124).

In January 2005, a physical RFC assessment was completed by agency physicians in which they concluded that Plaintiff was able to occasionally lift and/or carry 50 pounds, frequently lift and/or carry less than 25 pounds; stand and/or walk (with normal breaks) for at least two hours in an eight hour workday; and sit (with normal breaks) for about six hours in an eight hour workday (TR. 143). Agency physicians further concluded that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 142-149).

In December 2007, Plaintiff was examined by William Edwards, M.D., who found as to her extremities that there was no clubbing, cyanosis, edema or deformity noted with normal full range of motion of all joints; and that her skin was intact without lesions or rashes (TR. 169).

At the hearing, Plaintiff testified that during a typical day she cleans, does laundry, cooks and drives her children to school (TR. 189, 190). She also testified that she does the grocery shopping and attends her son's basketball games (TR. 191). She testified that she is unable to work because she cannot "grip things" and has no strength in her hands; that if she is on her feet for very long she cannot lift her legs and her feet to walk; and that when she sits "her legs and feet always go numb" (TR. 192-193, 194).

PLAINTIFF'S ASSERTIONS OF ERROR

Plaintiff argues on appeal that the ALJ erred in her determination that Plaintiff retained the RFC to perform substantial gainful activity (See Plaintiff's Brief at pages 2-4). In support of this argument Plaintiff asserts that the hypothetical propounded to the VE which presumed that Plaintiff would be absent from work one day each week is more "accurately reflective" of Plaintiff's limitations and shows that she is unable to maintain competitive employment (See Plaintiff's brief at page 3).

In her decision the ALJ found that Plaintiff had the RFC for light and sedentary work, subject to certain restrictions (TR. 22). The ALJ's hypothetical to the VE included the RFC established in the ALJ's decision (TR. 208-209). The VE responded with a significant number of jobs which Plaintiff could perform (TR. 209). Plaintiff seeks to include restrictions in the VE's hypothetical which are not supported by the evidence such as the need to miss work on an average of one day a week (TR. 210).

An ALJ need include only those limitations in the question to the vocational expert which she properly finds are established by the evidence. *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995). Opinions based on such assumptions which are not supported by the evidence will not be binding on the ALJ. *Gay v. Sullivan,* 986 F.2d 1336, 1341 (10th Cir. 1993).

Thus, it appears that the ALJ's RFC finding and her determination that Plaintiff was capable of substantial gainful activity was supported by substantial evidence and should not be disturbed on appeal.

Plaintiff also urges on appeal that the ALJ erred in her assessment of Plaintiff's credibility (See Plaintiff's Brief at pages 4-7). The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c), 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* at 163. Second,

assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain." *Id.* Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164. In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991). *See also Luna*, 834 F.2d at 165 ("The Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions. *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. *Id* at 1372.

In the present case the ALJ reached step three of the *Luna* analysis and in assessing the

credibility of the Plaintiff followed the dictates of *Kepler* by providing a thorough and meaningful discussion of the evidence which linked specific evidence to her findings (TR. 23-24). In accordance with *Luna* and *Kepler,* the ALJ determined that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" (TR. 23). The ALJ observed that the "claimant has had limited medical treatment, and findings on consultative examinations are minimal" (TR. 23). The ALJ also observed that "No treating or examining physician imposed any limitations on the claimant. There is no discussion in medical records of an inability to perform work activities" (TR. 24). The absence of an objective medical basis for the degree of severity of pain may affect the weight given to subjective allegations of pain. *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993); *See Luna*, at 165 (10th Cir. 1987), *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990); *Huston v. Bowen*, 838 F.2d 1131, 1129 (10th Cir. 1988).

An ALJ's determination of credibility is given great deference by the reviewing court. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992). On appeal, the court's role is to verify whether substantial evidence in the record supports the ALJ's decision, and not to substitute the court's judgment for that of the ALJ. *Kepler* at 391; (Credibility determinations are peculiarly within the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

Thus, it appears from the record that the ALJ's credibility determination was supported by substantial evidence and should not be disturbed on appeal.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence

and should be **AFFIRMED**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this 20th day of April, 2009.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE