**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHAVONNA K. FOWLER, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. CIV-08-563-R |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

Before the Court are the Findings and Recommendation of United States Magistrate Judge Shon T. Erwin entered April 21, 2009 [Doc. No. 15] and Plaintiff's Objection to the Findings and Recommendation filed May 11, 2009 [Doc. No. 16]. The Magistrate Judge recommended that the decision of the Commissioner of the Social Security Administration be affirmed. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Findings and Recommendation *de novo* in light of Plaintiff's Objection.

In her Objection, Plaintiff argues that the Magistrate Judge erred in concluding that the Administrative Law Judge (ALJ) properly evaluated Plaintiff's credibility. She suggests that her subjective complaints of pain and limitations were consistent with and supported by the statements of two third parties – her former employer, Sharon Fleener, *see* Tr. 86, and her sister, *see* Tr. 202-06. She also asserts that she was not required to prove the degree of her pain by objective evidence and that if, as is the case herein, she has a medically determinable impairment that can reasonably be expected to cause the alleged symptoms, objective

evidence of their degree is not required, citing SSR 96-7p, 1996 WL 374186.  Hence, she implies, the ALJ should have accorded full credibility to Plaintiff's testimony as to her disabling symptoms and impairment because it was consistent with and supported by third party statements, which were probative of Plaintiff's credibility.  Secondly, Plaintiff implies that the Magistrate Judge erred in concluding that the ALJ's finding as to Plaintiff's Residual Functional Capacity (RFC) was supported by substantial evidence.  She asserts that if the ALJ had properly assessed Plaintiff's credibility, all of the impairments which Plaintiff described in her testimony would have been included in Plaintiff's RFC.

The ALJ properly evaluated Plaintiff's credibility and her allegations of disabling pain and other limitations.  The ALJ specifically noted that if a claimant has a medically determinable impairment that reasonably could be expected to produce the individual's pain or other symptoms, the adjudicator must evaluate the credibility of a claimant's subjective allegations of pain and other symptoms and their limiting effects considering all the evidence in the record, both objective and subjective, considering the factors listed in 20 C.F.R. § 404.1529 and *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987).  Tr. 22-23.  This is what Tenth Circuit authority requires.  *See, e.g., Branum v. Barnhart*, 385 F.3d 1268, 1273-74 (10th Cir. 2004)(*citing Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987) and *Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991)).  The ALJ found that the Plaintiff's "medically determinable impairment could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of the symptoms are not entirely credible."  Tr. 23.  The ALJ obviously considered the testimony

of Plaintiff's sister because she specifically referenced it. Tr. 23. Although the ALJ did not specifically mention Plaintiff's former employer's letter in which she described Plaintiff's symptoms and difficulties, *see* Tr. 86, when an ALJ states that she has considered "all of the relevant evidence in the case record," Tr. 22, the Court takes the ALJ at her word. *See Brescia v. Astrue*, 287 Fed. Appx. 626, 631, 2008 WL 2662593 at *3 (10th Cir. July 8, 2008)(No. 07-7234)(*quoting Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)). The ALJ linked her credibility finding to substantial evidence germane to the factors properly considered in assessing the credibility of disabling pain and other symptoms such as fatigue or weakness, *see* Tr. 23-24. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). She specifically noted Plaintiff's daily activities as "not those of an individual totally unable to work," Tr. 23; Plaintiff's limited medical treatment; Plaintiff's complaints (in testimony before the ALJ) of matters such as a pinched nerve not brought to the attention of treating or examining physicians; the fact that Plaintiff's earnings before and after 2000, the alleged onset of her disability, were similar; the fact that the State agency's reviewing physicians found that Plaintiff could perform medium work; and the absence of any limitations imposed upon the Plaintiff by any treating or examining physician as well as the absence in the medical records of any "discussion" of an inability to perform work activities. Tr. 23-24.

Plaintiff's objection to the ALJ's RFC determination rests entirely on her argument that the ALJ improperly evaluated Plaintiff's credibility which she asserts "led to the incomplete RFC determination." Objection at p. 4. She states that "[h]ad the ALJ considered Flower's credibility correctly, the RFC would have included all of Fowler's

impairments." *Id.*  Because the Court concludes, as the Magistrate Judge did, that the ALJ properly assessed Plaintiff's credibility and that her credibility finding was supported by substantial evidence linked to that finding, the Court concludes that the ALJ did not err in her RFC determination that Plaintiff retained the ability to perform a range of light and sedentary work, subject to certain limitations.  *See* Tr. 22.

In accordance with the foregoing, the Findings and Recommendation of the Magistrate Judge [Doc. No. 15] are ADOPTED in their entirety and the decision of the Commissioner of the Social Security Administration is AFFIRMED.

IT IS SO ORDERED this 15th day of May, 2009.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE